McDONALD, j.,
concurring, in which BARBERA, C.J., joins.
I agree with the analysis in the Majority Opinion and join it in full. I write separately to elaborate on what I understand the Majority Opinion to mean in two respects.

Determination as to Vagueness

The Majority Opinion holds that the evidence was insufficient to support Ms. Hall’s conviction for criminal child neglect, but it explicitly avoids addressing whether the statute prohibiting criminal neglect of a minor is unconstitutionally vague. Majority op. at 320, 139 A.3d at 937. In my view, the former holding necessarily entails a decision that the statute is not unconstitutionally vague. For the Court to hold that the evidence is insufficient to support a guilty verdict, the Court must conclude that no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Moye v. State, 369 Md. 2, 12, 796 A.2d 821 (2002). A statute is unconstitutionally vague if it would not afford a person “of ordinary intelligence and experience ... a reasonable opportunity to know what is prohibited.... ” Galloway v. State, 365 *338 Md. 599, 615, 781 A.2d 851 (2001). If the statute were unconstitutionally vague, then a trier of fact would not know what the essential elements of the crime were and we could not reach a conclusion, one way or the other, whether the trier of fact could have found that the elements of the offense were proven.
Thus, in order to conclude, as the Majority opinion does, that no rational trier of fact could have found the essential elements of the crime from the evidence here, we necessarily must be able to identify the elements of the offense and have surmounted the vagueness hurdle. For the reasons that Judge Hotten’s dissent ably explains, I do not believe that the statute is unconstitutionally vague. However, for the reasons that the Majority Opinion elucidates, I do not believe the evidence was sufficient to support the conviction.

A Before-the-Fact Standard

Additionally, I understand the Majority Opinion to apply a before-the-fact standard, rather than an after-the-fact standard. According to the statute, we must examine whether Ms. Hall’s actions created a “substantial risk” of harm to A. See Maryland Code, Criminal Law Article, § 3-602.1. We must guard against considering the risk of a harm to be substantial merely because we know, after the fact, that some harm materialized. The proper inquiry is whether the risk should be considered substantial at the time that the parent or other caretaker acted. One who creates a very small risk of harm to a child is not criminally negligent simply because an unforeseeable tragedy follows. On the other hand, a parent or caretaker may be criminally negligent when that individual creates a substantial risk of harm, whether or not the harm actually befalls the child. In this case, this standard means that we consider what Ms. Hall could be reasonably expected to foresee as possible outcomes of leaving A. at home with D. Whether A. in fact ran out of the house afterward or stayed on the couch sleeping all night is not relevant; what matters is whether Ms. Hall’s actions created a substantial risk, not what *339 harm actually ensued. I understand the Majority Opinion’s analysis to apply this standard, so I concur.
Chief Judge BARBERA has indicated that she joins this opinion.